UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARLENE C.,[1] | : | Case No. 3:20-CV-245 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

# DECISION AND ENTRY

Plaintiff Carlene C. brings this case challenging the Social Security Administration's denial of her applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. # 13), the Commissioner's Memorandum in Opposition (Doc. #15), Plaintiff's Reply (Doc. # 16), and the administrative record (Doc. # 12).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income benefits on January 26, 2017, alleging disability due to several impairments, including a herniated disc at L4-S1, spinal stenosis, neuropathy, right brachial plexus, lymphoedema, depression and anxiety. (Doc. #12, *PageID* # 331). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since September 15, 2016, the alleged onset date. |
| Step 2: | Plaintiff has the following severe impairments: lumbar degenerative disc disease, spinal stenosis, neuropathy, and migraines. |
| Step 3: | Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the following limitations: (1) permitted to alternate between sitting and standing every 20 minutes while at the workstation; (2) frequently pushing/pulling with both upper and lower extremities; (3) never climbing ladders, ropes, or scaffolds; (4) frequently climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; (5) avoid concentrated exposure to extreme cold and vibration; (6) avoid all exposure to unprotected heights and dangerous machinery." |
| | Plaintiff is unable to perform her past relevant work as a medical assistant. |

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

  Step 5:  Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. # 12, *PageID* #s 48-59). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since September 15, 2016, the alleged onset date. *Id.* at 60.

  The evidence of record is adequately summarized in the ALJ's decision (Doc. # 12, *PageID* #s 48-60), Plaintiff's Statement of Errors (Doc. #13), and the Commissioner's Memorandum in Opposition (Doc. #15). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

  Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

  The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow

its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

In her Statement of Errors, Plaintiff alleges one assignment of error, which is that the ALJ erred in evaluating the opinions from her physical therapist Paul Turner and treating physician Morris Brown, M.D. (Doc. #13 at *PageID* #s 589-92). The Commissioner counters that the ALJ exhaustively examined the sparse medical record and, only after doing so, determined that Mr. Turner's opinion was entitled to only little weight. (Doc. #15).

Social Security Regulations recognize several different types of "acceptable" medical sources: treating physicians, non-treating, yet examining physicians, and non-treating, record-reviewing physicians." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013); *see* 20 C.F.R.§ 416.902. Generally, ALJs "give more weight to the opinion from… treating sources." 20 C.F.R. § 416.927. Indeed, when the treating source's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[,]" the ALJ is required to place controlling weight on the treating source's opinion.[3] *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

However, if the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency,

---

[3] On January 18, 2017, the Social Security Administration promulgated "Revisions to Rules Regarding the Evaluation of Medical Evidence," which, among other things, served to eliminate the treating physician rule for claims filed on or after March 27, 2017. *See* 82 Fed. Reg. 5844, 2017 WL 168819 (Jan. 18, 2017)(to be codified at 20 C.F.R. pts. 404, 416). Since Plaintiff's applications were filed prior to the effective date of March 27, 2017, the treating physician rule is still applicable to her claims.

nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

In this case, Plaintiff submitted medical records from his treating physician, Morris Brown, M.D. (Doc. #12-7). According to the notes, Dr. Brown served as Plaintiff's primary care physician in at least 2016 and 2017. *Id*. During this time, Dr. Brown included statements in two treatment notes from October 2016 and December 2016 that Plaintiff is "totally tempor[arily] disabled. (Doc. #12-7, *PageID* #s 473, 496).

In reviewing Dr. Brown's opinion, ALJ Adkins determined that it was not entitled to controlling weight. (Doc. #12-2, *PageID* #s 54-55). While ALJ Adkins acknowledged that Dr. Brown was an acceptable treating source, he nonetheless concluded that he could not give his opinion controlling or deferential weight. *Id*. In support of this decision, the ALJ explained that in opining that Plaintiff was "totally temporarily disabled[,]" Dr. Brown not only spoke to an issue reserved for the Commissioner, but also failed to provide "any specific diagnosis or offer specific functional limitations" and, therefore, was entitled to "no weight." *Id*. at 55.

Again, a treating physician is entitled to controlling weight if his opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *Gayheart*, 710 F.3d at 376. However, "a treating physician's opinion is only entitled to such ... deference when it is a *medical opinion.*" *Turner v. Comm'r of Soc. Sec.,* 381 Fed.Appx. 488, 492–93 (6th Cir. 2010). Thus, in cases where the treating physician merely speaks to "an issue reserved to the Commissioner—such as whether the [plaintiff] is "disabled" or "unable to work"—the opinion is not entitled to any particular weight"

5

and the ALJ need only "explain the consideration given to the treating source's opinion.'" *Id.* at 493 (quoting Soc. Sec. Rul. 96–5p, 1996 WL 374183 at *1 (July 2, 1996)).

In this case, ALJ Adkins appropriately determined that Dr. Brown's statement that Plaintiff was "totally temporarily disabled" did not address any specific diagnosis or specific functional limitations, but rather, was a legal conclusion reserved for the Commissioner. Accordingly, the ALJ properly explained his decision to assign no weight to Dr. Brown's opinion.

Plaintiff also challenges the ALJ's evaluation of the opinion by Paul Turner, PT, her physical therapist. Mr. Turner completed a functional capacity evaluation of the Plaintiff in December 2018 where he opined that Plaintiff was only capable of performing "sedentary" work in a typical 8-hour workday. (Doc. #12-8, *PageID* #s 578-84). At the examination, Plaintiff reported a pain rating of 9/10 in her right lumbosacral and right lower extremity radicular symptoms. *Id*. at 578. She could not "tolerate progression to any Frequent lift circuit s/p the Maximum-Occasional lift assessment." *Id*. Due to her pain and unstable gait, Plaintiff was not able to perform the submaximal treadmill test to assess her aerobic capacity. *Id*. However, she was able to "provide[] consistent effort during testing with 18 out of 18 measures for isometric consistency and 2 of 2 bell or sine distribution for her average grip scores." *Id*. According to Mr. Turner, Plaintiff also exhibited "lumbosacral tenderness to palpation, limited cervical and lumbar flexibility/ROM, weakness in the right shoulder girdle, weakness in the right ankle, moderate antalgic gait with reduced tolerance of weight-bearing on the right lower extremity and mild dragging [of the] right lower extremity forward placement." *Id*.

In reviewing this opinion, the ALJ noted that, as a physical therapist, Mr. Turner was not an acceptable source under the regulations and, therefore, not entitled to controlling weight. (Doc.

6

#12-2, *PageID* #55). He also pointed out that the rest of the medical record indicated that Plaintiff had a "history of conservative treatment, i.e. pain medication and injections[,]" thus not supporting Mr. Turner's "findings of such significant 'disabling' restrictions limiting [Plaintiff] only to sedentary work." *Id*. As a result, the ALJ found that Mr. Turner's opinion was entitled to "little weight." *Id*.

Social Security Regulations require ALJs to consider opinions provided by all medical sources in addition to the other relevant record evidence. *See* 20 C.F.R. §§ 404.1513, 404.1527(b). The Regulations distinguish between "acceptable medical sources" – *e.g.*, physicians, psychologists, optometrists, podiatrists – and "other sources – *e.g.*, therapists, physician assistants, and nurse practitioners. *See* 20 C.F.R. § 404.1513(a), (d).

As a physical therapist, Mr. Turner is not considered to be an "acceptable medical source;" rather, he is deemed one of the "other sources" the Regulations identify. *Id.* Given this lesser status, his opinions alone "cannot establish the existence of a medically determinable impairment ...." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). Still, his information "may provide 'insight into the severity of the impairment(s) and how it affects the individual's ability to function.'" *Id.* (quoting Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *3 (Aug. 9, 2006)). Thus, an ALJ must provide a "sufficient discussion of all the evidence of record to demonstrate that [he] considered the key factors," including supportability and consistency, in deciding how to evaluate these opinions. *Swartz v. Comm'r of Soc. Sec*., No. 2:13-cv-319, 2014 WL 868127, at *8 (S.D. Ohio March 5, 2014) (Kemp, M.J.), *report and recommendation adopted*, No. 2:13-cv-319, 2014 WL 1343094 (S.D. Ohio Apr. 3, 2014) (Economus, D.J.).

ALJ Adkins' decision to give "little weight" to Mr. Turner's opinion is supported by substantial evidence. In reviewing his opinion, ALJ Adkins correctly concluded that Mr. Turner was not an "acceptable" medical source under the regulations. (Doc. #12-2, *PageID* #55); *see also* 20 C.F.R. § 404.1527(c)(2). He further discredited Mr. Turner's adoption of "significant 'disabling' restrictions limiting [him] to sedentary work" on the basis that it was not supported by Plaintiff's "history of conservative treatment, i.e. pain medication and injections." *Id*. This, too, was a valid consideration. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give that medical opinion."). Indeed, the Sixth Circuit has relied upon a plaintiff's conservative treatment record to discount allegations of disability or to discount a medical opinion. *See Kepke v. Comm'r of Soc. Sec.*, 636 Fed.Appx. 625, 631 (6th Cir. 2016) ("The ALJ noted that the records indicate [plaintiff] received only conservative treatment for her ailments, a fact which constitutes a 'good reason' for discounting a treating source opinion"); *Lester v. Comm'r of Soc. Sec.*, 596 Fed.Appx. 387, 389 (6th Cir. 2015) (finding that the ALJ reasonably discounted a doctor's proposed limitations because, among other things, the [plaintiff] was receiving conservative treatment); *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 806 (6th Cir. 2011) ("the ALJ reasonably viewed [plaintiff's] limited treatment as inconsistent with Dr. Wakham's opinion"); *see also* 20 C.F.R. § 404.1527(c)(2)(ii) ("We will look at the treatment the source has provided....").

In this case, the ALJ had previously detailed Plaintiff's treatment, which consisted of "injection therapy, oral pain medication […] as well as physical therapy[.]" (Doc. #12-2, *PageID* #48) (citing Doc. #12-7, *PageID* #417, 425, 436; Doc. #12-8, *PageID* #579). The ALJ also noted more recent mild to normal findings on examination, which supports his statement that Mr.

8

Turner's "significant 'disabling' restrictions" were inconsistent with the balance of Plaintiff's medical record. *See*, *e.g.*, Doc. #12-7, *PageID* #552 (April 2017 referral to an orthopedic surgeon who noted "moderate" paravertebral spasms L4-L5 and S1 bilaterally but did not recommend surgery); Doc. #12-8, *PageID* #556 (June 2018 x-ray of lumbar spine indicating "slight" retrolisthesis at L5-S1 with probable facet arthrosis, "minimal" movement, and no gross instability.); Doc. #12-8, *PageID* #s 568, 571, 573 (August 2018 emergency room visit following Plaintiff's vehicle falling on her left shoulder, chest, and abdomen while she was performing repairs. Examination showed tenderness and contusions, but no definitive injuries and was released in stable condition); Doc. #12-8, *PageID* #560 (September 2018 MRI scans of lumbar spine indicating multilevel degenerative disease most prominently at L5-S1 and L4-5- "mild" spinal canal stenosis at L5-S1 and "mild" bilateral foraminal stenosis at L4-5).

The ALJ was not required to repeat this analysis in his evaluation of Mr. Turner's opinion. *See, e.g., Sprague v. Colvin*, 2015 WL 2066227, at *3 (S.D. Ohio) (Graham, D.J.) ("Where, as here, the ALJ thoroughly addressed such matters as the consultants' reports, the other medical evidence of record, and plaintiff's credibility earlier in his decision, the ALJ was not required to repeat his discussion of those matters again in his discussion of the weight to be assigned to the medical opinions.").

Finally, the Court finds no merit in Plaintiff's argument that Mr. Turner's "clinical findings are also supported and bolstered by treating physician Dr. Brown, who had opined back in December 2016 that Collins was totally temporarily disabled." (Doc. #13, *PageID* #591). As an initial matter, these findings are not even consistent with each other as Mr. Turner found that Plaintiff was capable of sedentary work while Dr. Brown concluded that she was totally

9

temporarily disabled. (*Compare* Doc. #12-8, *PageID* #s 578-84 *with* Doc. #12-7, *PageID* #s 473, 496).  Moreover, as previously stated, Dr. Brown's statement was not a medical opinion, but an unsupported legal conclusion reserved for the Commissioner, for which the ALJ appropriately assigned no weight. Accordingly, the Court finds no error as to the ALJ's consideration of Mr. Turner's opinion.

Based on all the foregoing reasons, Plaintiff's statement of error is not well taken.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Statement of Errors (Doc. # 13) is **OVERRULED**, the Commissioner's non-disability determination be **AFFIRMED**; and

2. The case be terminated on the docket of this Court.


January 31, 2022                                              *s/Peter B. Silvain, Jr.*
                                                                          Peter B. Silvain, Jr.
                                                                          United States Magistrate Judge